IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT ) | | |
| OPPORTUNITY COMMISSION, ) | | |
| ) | | |
| Plaintiff, ) | CIVIL ACTION NO. 5:13-CV-00647 | |
| ) | | |
| v. ) | COMPLAINT | |
| ) | | |
| ) | JURY TRIAL DEMAND | |
| TRIDEV HOSPITALITY, LLC, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |
| ) | | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Robert Betts ("Betts"), who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Tridev Hospitality, LLC discharged Betts in retaliation for engaging in protected activity, in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Tridev Hospitality, LLC, a North Carolina limited liability corporation, has continuously been doing business in the State of North Carolina and the City of Raleigh, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Tridev Hospitality, LLC has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Tridev Hospitality, LLC has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Betts filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. On or around September 13, 2012, Defendant engaged in unlawful employment practices at its Raleigh facility in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b) when it discharged Betts in retaliation for engaging in protected activity.

9. Robert Betts was employed by Defendant Tridev Hospitality, LLC, which operated a Rodeway Inn in Raleigh, North Carolina (hereafter "the hotel"). Betts worked as a Night Auditor at the hotel beginning around June 21, 2012. Betts was responsible for front desk coverage from midnight to 8 a.m.

10. Betts is a qualified individual with a disability. Betts suffers from depression and panic attacks. Betts uses a service animal as an accommodation for the panic attacks. After Betts began working for Defendant, he began bringing his service animal to work with him. Initially, he did not discuss his need for use of the service animal with Defendant's management.

11. On or about September 4, 2012, Defendant's General Manager asked Betts about his service animal. Betts explained that he had a disability and needed the use of his service animal because of his disability. Betts also provided the General Manager with his service animal registration card issued by the North Carolina Department of Health and Human Services.

12. On or about September 5, 2012, Defendant's General Manager presented Betts with an evaluation. The evaluation rated Betts as excellent in Work Quality, Attendance/Punctuality, Initiative and Dependability; good in Job Knowledge; and fair in Communication/Listening Skills.

13. On or about September 6, 2012, Betts presented the General Manager with a letter disputing the rating of "fair" in communication. Betts also discussed the use of his service animal in the letter. Betts explained that the reason why he did not disclose his service animal before he was hired is because he does not "wish to wear his disability on [his] sleeve" because it

3

embarrasses him. Betts explained that his use of a service animal and his disability did not interfere with his job performance in any way.

14. On or about September 13, 2012, Betts learned that his work hours had been reduced. He called the General Manager and explained that he was upset that his hours had been reduced and that he thought the General Manager was discriminating against him due to his disability. The General Manager responded that Betts didn't have to come into work anymore. Betts then told the General Manager that he was going to go to file a discrimination complaint against Defendant and the General Manager. The General Manager then fired Betts. Betts was fired in retaliation for opposing employment discrimination, in violation of the ADA.

15. The effect of the practices complained of above has been to deprive Betts of equal employment opportunities and otherwise adversely affect his employment status because he engaged in protected activity.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Betts.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with Defendant, from discriminating against individuals because their disabilities, including discrimination in hiring, firing, and any other employment practice which discriminates on the basis of disability.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with Defendant, from retaliating against individuals for engaging in protect activity.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Betts whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

E. Order Defendant to make Betts whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make Betts whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

G. Order Defendant to pay Betts punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 12th day of September, 2013.

    Respectfully submitted,

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel
    Equal Employment Opportunity Commission
    131 M Street, NE
    Washington, DC 20507


    /s/ Lynette A. Barnes
    LYNETTE A. BARNES
    Regional Attorney
    Charlotte District Office
    129 W. Trade Street, Suite 400
    Charlotte, N.C. 28202

    /s/ Zoë G. Mahood
    ZOË G. MAHOOD
    NC Bar No. 21722
    Senior Trial Attorney
    Raleigh Area Office
    434 Fayetteville Street, Suite 700
    Raleigh, NC 27601
    Phone: (919) 856-4180
    Fax: (919) 856-4156
    zoe.mahood@eeoc.gov

    ATTORNEYS FOR PLAINTIFF